UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEWIS,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>Defendants. | Case No. 26-cv-09457-AGT<br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

Defendants move to dismiss all claims against Defendant San Francisco Police Department ("SFPD"), as well as certain claims against Defendant City and County of San Francisco ("City"). Dkt. 8.[1] Plaintiff largely doesn't oppose Defendants' arguments, and concedes dismissal as to many of his forty-plus claims. *See generally* dkt. 14.

This order assumes the parties' familiarity with the record and addresses the issues in the order presented by the parties. Defendants' motion is largely granted. Dismissal is with leave to amend unless otherwise specified. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend should be granted liberally unless amendment would be an "exercise in futility").

*Claims against SFPD* – Plaintiff acknowledges that SFPD, as a constituent department of San Francisco that can't sue or be sued under the city's charter, isn't a proper defendant. Dkt. 14 at 7. He doesn't oppose SFPD's dismissal from the case. *Id.* Plaintiff's

[1] The Court finds the motion appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

claims against the SFPD are therefore dismissed without leave to amend.

*Claims 1, 28, and 29 (Tameny claims)* – Defendant argues that these *Tameny* claims are barred against governmental entities. Dkt. 8 at 11-12 (citing *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 899-900 (2008)). Plaintiff doesn't oppose dismissal of these claims and doesn't seek leave to amend them. Dkt. 14 at 7. Claims 1, 28, and 29 are therefore dismissed without leave to amend.

*Claims 12-16 and 30-33* – The California Government Claims Act requires a plaintiff to timely present claims to a public entity before suing that entity in court. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff in federal court must allege compliance with that presentment requirement. *Butler v. Los Angeles Cty.*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008). "[C]ause[s] of action for death or for injury to person or to personal property" must be presented within six months after they accrue. Cal. Gov't Code § 911.2(a). Claims relating to "any other cause of action" must be presented within a year of accrual. *Id.* Plaintiff's complaint contains no presentment allegations related to this group of tort claims. *See* dkt. 1-6.[2] And, construing Plaintiff's pleadings in the light most favorable to him, these common law claims accrued no later than September 6, 2023. Dkt. 1-6 at ¶ 43; *see also Collins v. Cty. of Los Angeles*, 241 Cal.App.2d 451, 454 (1996) (causes of action generally accrue when alleged wrongful act is committed).

Defendants argue that the six-month presentment requirement applies to Plaintiff's claims, and seek to judicially notice a government claim Plaintiff filed on September 3, 2024.

[2] Plaintiff's sole presentment allegations involve claims presented to (i) the Equal Employment Opportunity Commission and (ii) the California Civil Rights Department pursuant to California Government Code Section 12965. Dkt. 1-6 at ¶ 13. But, even construing Plaintiff's pleadings in the light most favorable to him, these allegations don't show that he presented this group of tort claims to those parties, or that the parties were the proper parties under Government Code Section 911.2.

Dkt. 8 at 12; *see also* dkt. 10-1. They argue that because his claims were presented nearly a year after they accrued, they're time-barred and should be dismissed without leave to amend. Dkt. 8 at 12. Plaintiff doesn't contest Defendants' asserted accrual or presentment dates, raise a tolling theory in response, or substantially contest dismissal of these claims. Dkt. 14 at 7-8. Instead, he asks the Court to "specify the applicable presentation requirement for each claim … [and] identif[y] … defects susceptible to pleading a supported later accrual date or other recognized exception." Dkt. 14 at 7-8.

The Court declines to wade into those issues here, because Plaintiff's failure to allege "facts demonstrating or excusing compliance with the claim presentation requirements" independently supports dismissal. *Butler*, 617 F.Supp.2d at 1001 (quoting *State of California v. Superior Ct.*, 32 Cal.4th 1234, 1239 (2004). Claims 12-16 and 30-33 are therefore dismissed on this ground. Plaintiff is granted leave to amend should he identify a good-faith basis for alleging facts that demonstrate or excuse his compliance with the claim presentation requirements discussed here.

*Claims 2 & 17* – Similarly, a party who seeks to sue under the California Labor Code must timely present a government claim before filing their lawsuit. *See, e.g.*, *Le Mere v. Los Angeles Unified Sch. Dist.*, 35 Cal.App.5th 237, 246 (2019). In the same vein, Defendants argue the same six-month requirement applies here to bar Plaintiff's claims. Dkt. 8 at 12. Plaintiff "does not assert that his September 2024 government claim was timely under a six-month rule" but otherwise asks the Court to analyze the presentment requirements applicable to his claims for him. Dkt. 14 at 8. As outlined above, the Court declines to do so, and dismisses Claims 2 and 17 based on Plaintiff's failure to allege any facts demonstrating or excusing presentment.

*Claims 4, 18-19, 22-23, & 25* – These claims are brought under the Age Discrimination in Employment Act (ADEA) and Title VII of the 1964 Civil Rights Act. Both laws require that a party sue within ninety days of exhausting their administrative remedies with the EEOC. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(e)(1). The ninety-day period is a statute of limitations subject to equitable tolling. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986). The Court judicially notices the right-to-sue notice from the EEOC referenced in Plaintiff's complaint, dated March 23, 2024. Dkt. 10-2; *see also* dkt. 1-6 at ¶ 13.[3] It states that "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." Dkt. 10-2 at 2. However, Plaintiff initiated his suit roughly a year after receiving this notice, in March 2025. Dkt. 1-1. Plaintiff's complaint contains no equitable tolling allegations, nor does his filed opposition contend that equitable tolling applies. Dkt. 14 at 8-9. As pled, his claims are therefore untimely, and the Court dismisses Claims 18-19, 22-23, and 25. Plaintiff may amend if he has a good-faith basis to allege facts showing why the limitations period should be tolled, or that otherwise establish timely claims. *See Valenzuela*, 801 F.2d at 1174 (90-day period "subject to equitable tolling in appropriate circumstances").

Claim 4 involves claims under both the ADEA and the California Fair Employment and Housing Act (FEHA). Dkt. 1-6 at ¶¶ 71-74. Defendants clarifies they don't seek dismissal of any claims brought under FEHA. Dkt. 16 at 3. Accordingly, the Court dismisses Claim 4 only insofar as it asserts a claim under the ADEA.

*Claims 8 & 24* – These claims allege the City violated SFPD General Orders. Dkt. 1-6 at ¶¶ 85-87, 147-50. Defendants argue these orders don't create a private right of action

[3] This EEOC notice is properly subject to judicial notice. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

or entitle Plaintiff to any relief. Dkt. 8 at 14. Plaintiff doesn't contest this. Dkt. 14 at 9. Accordingly, these claims are dismissed without leave to amend.

*Claim 9* – Claim 9 alleges that Plaintiff was wrongfully terminated in violation of FEHA. Dkt. 1-6 at ¶¶ 88-90. Defendants argue the claim doesn't specifically allege what provisions of FEHA they violated. Dkt. 8 at 14-15. The Court agrees that this claim doesn't sufficiently allege what provisions of FEHA Defendants violated by terminating Plaintiff. Claim 9 is dismissed.

*Claim 10* – Claim 10 alleges a violation of the "California Privacy Rights Act." Dkt. 1-6 at ¶¶ 91-94. There's some confusion about what body of law Plaintiff is referring to, in part because the claim cites no particular provision of California law. Plaintiff doesn't oppose dismissal of the claim as pled; he instead "requests leave to identify a supported, applicable alternative privacy theory." Dkt. 14 at 10. The Court therefore dismisses Claim 10.

*Claim 11* – Claim 11 brings an invasion of privacy claim under Article I, Section 1 of the California Constitution. Dkt. 1-6 at ¶¶ 95-99. Defendants argue that Plaintiff's complaint pleads that third parties, not Defendants, invaded his privacy. Dkt. 8 at 15. Plaintiff doesn't substantially oppose, and requests leave to allege "specific City conduct and a legally protected privacy interest, if supported by the actual communications and investigation records." Dkt. 14 at 10. The Court agrees with this disposition. Claim 11 is dismissed.

*Claim 13* – This is a claim for abuse of process. Dkt. 1-6 at ¶¶ 103-06. Defendants argue the claim requires allegations that a defendant misused a judicial process, not simply the administrative and disciplinary processes alleged here. Dkt. 8 at 15; dkt. 1-6 at ¶ 103. Plaintiff doesn't oppose dismissal of this claim. Dkt. 14 at 10. The Court therefore dismisses Claim 13.

*Claim 34* – Claim 34 alleges that Defendants violated FEHA by failing to accommodate and engage in an interactive process with Plaintiff. Dkt. 1-6 at ¶¶ 186-88.[4] Defendants argue that Plaintiff doesn't plead he suffered from a disability or was perceived to have a disability. Dkt. 8 at 16. Plaintiff doesn't oppose dismissal here. Dkt. 14 at 11. The Court dismisses Claim 34, with leave to amend if Plaintiff can allege facts that plausibly support the elements of a failure to accommodate claim under FEHA.

*Claim 35* – Claim 35 alleges Defendants exercised deliberate indifference to Plaintiff's constitutional rights. Dkt. 1-6 at ¶¶ 189-92. As Defendants point out, no such independent cause of action exists. Dkt. 8 at 16. Plaintiff doesn't provide any argument in opposition. Dkt. 14 at 11. Accordingly, Claim 35 is dismissed without leave to amend.

*Claim 37* – Claim 37 alleges violations of the California Public Records Act (CPRA) and unnamed "Privacy Statutes." Dkt. 1-6 at ¶¶ 197-200. Defendants argue that this claim is deficient because the CPRA applies to public records requests, and that there's no allegation in the complaint as to any such request. Dkt. 8 at 16. Defendants also argue no other privacy statues are identified. *Id.* Plaintiff doesn't substantially oppose. Dkt. 14 at 11. Claim 37 is therefore dismissed.

*Claim 38* – Claim 38 alleges a violation of the Bane Act. Dkt. 1-6 at ¶¶ 201-03. Defendants point out this claim is deficient in two ways: (i) it's barred by Plaintiff's failure to timely file a government claim, and (ii) it doesn't contain allegations showing the violence or threats of violence required for such a claim. Dkt. 8 at 17. Plaintiff doesn't substantially oppose dismissal. Dkt. 14 at 11-12. Claim 38 is dismissed.

---

[4] Plaintiff's operative complaint contains two Claim 33s and omits a Claim 34. Dkt. 1-6 at ¶¶ 183-88. The Court agrees and adopts the parties' strategy in the briefing, which is to refer to the second Claim 33 (¶¶ 186-88) as Claim 34.

*Claim 39* – Claim 39 alleges Defendants failed to follow the San Francisco City Charter and Civil Service Rules. Dkt. 1-6 at ¶¶ 204-07. Defendants note that Plaintiff doesn't specify which rules or provisions are specifically at issue, and that these don't create a private right of action regardless. Dkt. 8 at 17-18. Plaintiff doesn't provide any argument in opposition. Dkt. 14 at 12. Claim 39 is therefore dismissed without leave to amend.

*Claim 41* – Similarly, Defendants argue that none of the numerous policies, rules, and codes of conduct implicated in Claim 41 create a private right of action. Dkt. 8 at 18. Plaintiff doesn't provide argument in opposition, but contends that the allegations here may serve as factual allegations relevant to his other claims. Dkt. 14 at 12. The Court dismisses Claim 41 without leave to amend.

*Claims 42 & 43* – Claims 42 and 43 generally allege discrimination in the terms and conditions of Plaintiff's employment. Dkt. 1-6 at ¶¶ 255-79. The two claims allege violations of Title VII, FEHA, and various civil service rules and codes of conduct. *Id.* at ¶¶ 263, 274. For the reasons discussed above, these claims are dismissed to the extent they allege violations of Title VII, civil service rules, and codes of conduct. Defendants don't seek dismissal of these claims "to the extent they are brought under FEHA." Dkt. 16 at 5. Plaintiff may amend these claims to specify the exact nature of the FEHA violation he seeks to allege.

*Remaining claims* – Claims 3, 5-7, 20, 21, 26-27, 36, and 40 remain. Claims 4, 42, and 43 also remain only as claims under FEHA, not the other statutes alleged. Plaintiff's claims against SFPD are dismissed without leave to amend. Claims 1, 8, 24, 28, 29, 35, 39, and 41 against the City are also dismissed without leave to amend.

/ / /

/ / /

Plaintiff must file an amended complaint by **November 20, 2026**. He may not amend by adding new claims that are beyond the scope of this order.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Alex G. Tse
United States Magistrate Judge